248    SUPREME COURT OF WISCONSIN.    [Jan.

State ex rel. Traphagen v. Cary, 179 Wis. 248.

STATE EX REL. TRAPHAGEN and another, Trustees, Respondents, vs. CARY, County Clerk, etc., Appellant.

*November 11, 1922—January 9, 1923.*

*Taxation: Trustees and fiduciaries: Method of computing tax when beneficiary is married woman: Against whom tax assessed: Income of ward's husband.*

1. Under sec. 71.05, Stats. 1921, treating the income of persons residing together as members of a family as a unit, on which taxes are to be paid by the husband or head of the family, and sec. 71.09, requiring trustees to make a return of all income received by them for the beneficiary, together with the income of such beneficiary from other sources, when a married woman has income from a trust estate the trust and other income must be added to that of the husband, and the total, after deduction of the exemptions, be taxed against the husband; the payment by the trustee, where the beneficiary is a married woman, being considered only as a credit on the total amount of the husband's tax.
2. While under said sec. 71.09 a tax on the income received by a trustee for his beneficiary is payable by the trustee, it is a tax against the beneficiary, in view of the provision that the trustee subject to the tax shall have the rights of reimbursement prescribed by sec. 70.19 against the beneficiary.
3. Under sec. 71.09, however construed, it was not proper, in assessing an income tax against trustees, to add to the amount of their income as trustees, in addition to all income of the beneficiary from all other sources, the income of the beneficiary's husband in his own right.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The appeal is from a judgment in a *certiorari* action, setting aside certain assessments made by the assessor of incomes of Milwaukee county and confirmed by the board of review, on incomes of relators for the years 1919 and 1920.

Under the will of one Paddock, deceased, the relators as trustees are required to pay one third of the income of the trust estate to the widow of said deceased and two thirds

to one Mrs. Nelsona P. Traphagen, wife of *C. G. Trap-hagen,* one of the trustees and a relator herein. *Traphagen* filed his income-tax report for the year 1919, in which he reported the sum of $3,017, the amount received by his wife under said trust, but claimed the same as a deduction under the heading "Income assessed to trustee." He further reported an income of $11,414, which included $4,120 received by his wife from sources other than the trust. The income tax assessor levied an assessment against said income of $11,414, the tax whereon was computed and paid by *Mr. Traphagen,* and an additional assessment of $37.80 against the trustees on said sum of $3,017 paid to Mrs. Traphagen as the proceeds of said trust estate.

During the year 1921 an additional assessment was levied against the trustees in the sum of $140.35 for income tax and the sum of $35.63 for educational surtax, making a total additional tax of $175.98. The additional tax was arrived at by adding to the $3,017, the income from the trust estate, the $11,414 representing the income of *Mr. Traphagen* and the income of his wife received from sources other than the trust estate, and on this sum total, namely, $14,414, there was levied a normal tax of $500.86 and a surtax of $92.40. The total amount of the tax theretofore paid, both by the trustees and *Mr. Traphagen,* amounting to $417.55, was credited, leaving a balance of $175.98, which sum represents the additional assessment levied against said trustees, which resulted from the application of the higher statutory rate upon the income from the trust estate when added to the total amount received by *Mr. Traphagen* individually and the amount of the income of his wife from sources other than the trust estate.

The same procedure was followed with respect to the 1920 income, the reports whereof were similar to the reports made for the year 1919, excepting only for differences in the figures. The circuit court reversed and set aside the

250    SUPREME COURT OF WISCONSIN.    [JAN.

State ex rel. Traphagen v. Cary, 179 Wis. 248.

action of the board of review and of the assessor of incomes under and pursuant to which said additional assessment of $175.98 was levied against said trustees.

For the appellant there was a brief by the *Attorney General, Franklin Bump*, assistant attorney general, *Winfred C. Zabel*, district attorney of Milwaukee county, and *Daniel W. Sullivan*, assistant district attorney, and oral argument by *Mr. Sullivan.*

For the respondents the cause was submitted on the brief of *Roehr & Steinmetz* and *Ida E. Luick*, all of Milwaukee.

DOERFLER, J.    The question here considered involves the power of the assessor and the board of review to levy the additional tax against such trustee.

The following are the statutes involved in the consideration of the questions herein presented:

"71.01    *Persons and subjects taxable.*    There shall be assessed, levied, collected and paid a tax on all income received in each calendar year beginning with the year 1920, by every person residing within the state and by every non-resident of the state upon such income as is derived from property located or business transacted within the state, except as hereinafter exempted; . . ."

"71.02    *Definition of terms; what income taxable.*    (1) The term 'person,' as used in this act, shall mean and include any individual, firm, copartnership, and every corporation, joint-stock company or association organized for profit, and having a capital stock represented by shares, unless otherwise expressly stated.

"(2) The term 'income,' as used in this act, shall include: . . .

"(f) And all other gains, profits or income of any kind derived from any source whatever except such as hereinafter exempted."

"71.05    *Exemptions.*    There shall be exempt from taxation under this chapter income as follows, to wit:

"(a) . . .

"(b) To husband and wife, twelve hundred dollars.

"(c) . . .

"(d) For each additional person, who is actually supported by and entirely dependent upon the taxpayer for his support, two hundred dollars. In computing said exemptions and the amounts of taxes payable by persons residing together as members of a family, the income of the wife and the income of each child under eighteen years of age shall be added to that of the husband or father, or if he be not living, to that of the head of the family and assessed to him. The taxes levied thereon shall be payable by such husband or head of the family, but if not paid by him may be enforced against any person whose income is included in the assessment."

"71.06   *Rates of taxation.*   (1) The tax to be assessed, levied and collected upon the incomes of all persons, except as otherwise provided by law, after making such deductions and exemptions as are hereinbefore allowed, shall be computed at the following rates, to wit: [Then follow rates to be applied.]

"71.09   *Assessment of incomes.* . . . (5) Every guardian, trustee, executor, administrator, agent or receiver, and every other person or corporation acting in a fiduciary capacity shall make and render to the assessor of incomes of the district in which such representative resides, a verified list or return of the amount of income received by him for such person, ward or beneficiary together with all income received by the ward, beneficiary, deceased or incompetent person whom he represents or succeeds during the year covered by the return and shall be liable to assessment and taxation therefor, subject to the deductions and exemptions provided in this chapter; provided, that such deductions or exemptions have not been claimed by or for such person, ward or beneficiary in another capacity. The return so made shall be signed by the person rendering it, and by the president or secretary thereof, if a corporation. Every person subject to an income tax in his representative capacity under this subsection shall have all of the remedies and rights of reimbursement for any tax assessed against or paid by him in such capacity prescribed by section 70.19.

"(6) The income tax to be paid by guardians, trustees, agents or other persons or corporations acting in a fiduciary capacity shall, as to such income as follows the residence of the recipient, be paid in the district where the said guard-

ian, trustee, agent or other fiduciary resides, if the ward, beneficiary or principal is a nonresident of the state of Wisconsin. If the ward, beneficiary or principal resides in the state of Wisconsin the tax upon all such income shall be paid in the district where the said ward, beneficiary or principal resides."

Sec. 71.05, entitled "Exemptions," provides under sub. (1) (b) for an exemption to husband and wife of $1,200. Sub. (d) provides for an additional exemption of $200 for dependents, etc. Said subdivision also provides that, in computing the taxes payable by persons residing together as members of a family, the income of the wife and the income of each child under eighteen years of age shall be added to that of the husband or father and assessed to him. No language is contained in sub. (d) which either contemplates or would justify a construction authorizing the levying of an assessment for a family income against the trustees. The person liable to assessment is the husband or father, or, if he be not living, the head of the family. Not only does the statute in express language require the assessment under sub. (d) to be levied against the husband or father or the head of the family, but the meaning of the statute is further clarified by the language used, where it is said that "the taxes levied thereon shall be payable by such husband or head of the family."

The legislators undoubtedly had in mind, first, the subject of exemptions, which they made applicable to the joint incomes of the husband, the wife, and the children. They thus considered, from the standpoint of incomes, the family relation as a whole for the purpose of computing exemptions. This sub. (d), however, is not confined to the subject of exemptions, for it treats not only of exemptions as applied to the family income but also taxes payable, meaning the taxes computed after the deduction of the statutory exemptions, and, undoubtedly to make clear its intention of what shall be done after the deduction of the exemptions,

it provides for the levying of an assessment on the balance against the husband or head of the family, and in express language directs the payment thereof by the husband or head of the family.

Sub. (1) (d) of sec. 71.06, entitled "Rates of taxation," fixes the rates to be applied in determining the amount of the taxes to be paid, and such rates are graduated· on an increasing scale, dependent upon the amount of income computed which is subject to taxes. Thus it will be seen that, by combining the incomes of the children and the wife with the income of the father or head of the family, it is possible that in many instances a part of such joint income would be subjected to a higher rate of taxation than if the tax were separately assessed and based upon the individual incomes.

The incomes of trustees, guardians, and other fiduciaries are considered separately and are included in a separate statute known as sec. 71.09, entitled "Assessment of incomes." Under sub. (5) of sec. 71.09 a trustee is required to report not only the income received by him as such trustee, but also the income received by the beneficiary from sources other than the trust. Note the language of such sub. (5), where the trustee or other fiduciary is required to make "a verified list or return of the amount of income received by him for such person, ward or beneficiary, together with all income received by the ward, beneficiary, deceased or incompetent person whom he represents," etc., and such total amount "shall be liable to assessment and taxation therefor, subject to the deductions and exemptions · provided in this chapter."

Where a married woman has an income from a trust estate or from a trust and other sources, in order to harmonize sec. 71.09 with the provisions of sec. 71.05 the tax provided for in sec. 71.09 must be deemed a unit of taxation only for administrative purposes, and in order. to compute the total amount of the tax such trust and other income

must be added to that of the husband, and, after deducting the exemptions, the tax is then computed on the balance and is assessed against the husband and is made payable by him. While the provisions of sec. 71.09 in express language require that the trustee shall pay the tax levied against him on the income of the beneficiary derived both from the trust estate and from other sources, nevertheless, to harmonize the two statutes in question, such payment on the part of the trustee, where the beneficiary is a married woman, can only constitute a credit upon the total amount of the tax assessed against the husband. While the tax under the statute is payable by the trustee, it is in reality a tax against the beneficiary. This is made clear by the provisions of sub. (5) of sec. 71.09, which provides that "every person subject to an income tax in his representative capacity under this subsection shall have all of the remedies and rights of reimbursement for any tax assessed against or paid by him in such capacity prescribed by section 70.19," and by the provisions of said sec. 70.19 the trustee is authorized to charge back the amount of the tax paid by him against the estate of the beneficiary, or he can enforce the payment thereof in an action or proceeding against the beneficiary. Sub. (6) of sec. 71.09 also provides in substance that the tax shall be paid in the district in the state where the beneficiary resides.

Under the original income tax act as contained in the Statutes of 1911, sub. 5, sec. 1087m—10, it was incumbent upon the beneficiary to pay the tax, the law requiring the trustee to merely report the amount of the income. Such last named section was amended by sec. 71.09, Stats. 1921, under which the trustee is not only required to report the income but to pay the tax as the representative of the owner, and he is given the right to charge the estate of the beneficiary with the amount of the payment. It is very probable that such amendment to the statutes was enacted for the purpose of avoiding the escape of taxable

property from taxation, and requiring an official under oath, such as a trustee, amenable to a court of equity, to report and pay the taxes as an additional aid and security in the proper administration of the income-tax statutes.

But whatever view may be taken with respect to the statutes involved, under no logical deduction therefrom can the computation of the assessor of incomes or the board of review be justified in so far as the additional tax is assessed against the relators herein. And we fully agree with the opinion of the learned trial judge wherein he states:

"Under the statutes it was proper, in making the assessment, to add to the amount of the income which the petitioners, as trustees, received for Nelsona P. Traphagen, all other income which she received during the years covered by the return, and then to make the assessment on the basis of that total, and levy the tax at the rate applicable to such total. However, the statute does not warrant or justify the assessor in further adding to the beneficiary's income under the trust, and from all other sources, also the income which her husband enjoys in his own right and independently of hers. Consequently, the assessor was in error in attempting in June, 1921, to levy an additional tax of $175.98 against the petitioners on income received for Nelsona P. Traphagen during the year 1919, and also in levying the tax to be paid on the income received by the petitioners for Nelsona P. Traphagen during the year 1920, at the higher rate applicable only upon including the income of her husband, *C. G. Traphagen,* in computing the total income."

*By the Court.*—Judgment affirmed.